UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01062-SVW-SHK | Date | September 19, 2019 |
|---|---|---|---|
| Title | *Steven J. Kohr v. Uline, Inc. et al.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

Based on the analysis below, the Court concludes the Defendant has failed to meet its burden in showing the non-diverse defendants were fraudulently joined. The Court therefore GRANTS Plaintiff's motion to remand [12]. Because this Court no longer has subject matter jurisdiction over this dispute, we decline to rule on the Defendant's motion to dismiss [9].

### I. Introduction

Stephen J. Kohr ("Plaintiff") was employed by Uline, Inc. ("Uline"), a Delaware corporation, as a "warehouse associate/picker" under the supervision of California citizens Jason Becher and Amanda Russell (all together "Defendants"). *See* Dkt. 12. Plaintiff alleges that Uline has a history of discriminating against disabled employees. *Id.* at 2. On December 12, 2017, Plaintiff claims he injured his back while at work, and was subsequently placed on light duty for five days. *Id.* at 3–4. Following a worker's compensation claim and a series of negative performance reviews, Plaintiff was fired on February 11, 2019. *Id.* at 4. Plaintiff claims he is the victim of a pattern of harassment and discrimination against injured or disabled employees carried out by Defendants. *Id.* at 5.

Plaintiff began this action in California Superior Court on April 22, 2019, alleging nine causes of action (all under California state law) against Defendants. *Id.* at 1. Of the Defendants, only Uline is a non-California resident, by virtue of its incorporation in Delaware. *Id.* On June 10, 2019, Defendants filed a notice of removal to this Court based on a theory of fraudulent joinder of non-diverse defendants. *Id.* Plaintiff now seeks remand. Dkt. 12.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01062-SVW-SHK | Date | September 19, 2019 |
|---|---|---|---|
| Title | *Steven J. Kohr v. Uline, Inc. et al.* | | |

## II. Motion to Remand

A state court has "jurisdiction to adjudicate all claims arising under state or federal law." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). By contrast, "[f]ederal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." *Id.* A complaint filed in state court may be removed "to federal court under the general removal statute, 28 U.S.C. § 1441" if the defendant demonstrates either federal question or diversity jurisdiction. *Id.* However, "[t]he removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.' " *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

### a. Diversity Jurisdiction

The Defendants premise their removal under 28 U.S.C. § 1441(b), which permits removal based on this Court's diversity jurisdiction. 28 U.S.C. § 1332. However, "[t]he presence of the nondiverse party automatically destroys original [subject matter] jurisdiction." *Wis. Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998). Federal courts "strictly construe the removal statute against removal jurisdiction," so "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Because the Plaintiff has pleaded both diverse and non-diverse Defendants, removal is only proper if the non-diverse defendants were fraudulently joined. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

### b. Fraudulent Joinder

It is the Defendant's burden to show by clear and convincing evidence that a non-diverse party has been fraudulently joined. *Id.* There is a general presumption against fraudulent joinder, but a defendant may show a defendant is fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Federal district courts in California have interpreted fraudulent joinder as a heavy burden– if "there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant" then the joinder is not fraudulent, and remand is appropriate. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990)); *see also Alderman v. Pitney Bowes Mgmt. Servs.*, 191 F. Supp. 2d 1113, 1115

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01062-SVW-SHK | Date | September 19, 2019 |
|---|---|---|---|
| Title | *Steven J. Kohr v. Uline, Inc. et al.* | | |

(N.D. Cal. 2002); *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013).

### c. Remand is Appropriate

Defendants claim "the Complaint contains no substantive allegations against Becher and Russell that are sufficient under Rule 8 and Plaintiff offers no indication he has held anything back that can and would change this paradigm." Dkt. 14 at 3. The Complaint need not be entirely sufficient under Rule 8 for the purposes of a motion to remand; there must only be the *possibility* the Complaint *could be* sufficient under California law. *Onelum*, 948 F. Supp. 2d at 1051–52. The Plaintiff has alleged nine California causes of action against the in-state defendants, and the Plaintiff has provided a factual basis for their plausibility. Dkt. 12 at 3–4. The Plaintiff only needs to show that one of his nine causes of action could possibly be successful against a single in-state defendant to defeat removal. Dkt. 1-1 at 5. The Defendant has provided no binding authority to show that every cause of action is impossible against every in-state defendant. Based on the facts alleged in the complaint, the Court is unwilling to rule out the possibility of a successful amendment to establish the sufficiency of these claims (if the state court finds it necessary).

The Defendants draw our attention to our previous Order in *Pineda v. Abbot Labs., Inc.*, No. 18-cv-03395-SVW-RAO, 2018 WL 3487111, and express concern about the potential abuse of fraudulent joinder in California. This concern is appreciated, but *Pineda* was a rare case. In *Pineda*, the defendant Mazzenga was the only non-diverse defendant in an age-discrimination action where the employer was an Illinois and Delaware corporation. *Id.* Here, two defendants are California citizens, and the alleged claims are centered entirely in California. Uline is the only diverse defendant and is only diverse by virtue of its incorporation in Delaware. Because the bar for establishing fraudulent joinder is so high, and Defendants' removal is premised entirely on fraudulent joinder, the motion to remand must be granted.

### III. Conclusion

The Plaintiff has chosen California state court to lodge California causes of action against both diverse and non-diverse parties. Defendants have not met their heavy burden of proving that there is no possibility that Plaintiff could assert plausible state law claims against the non-diverse defendants. Plaintiff's motion to remand is therefore GRANTED.

_____ :  _____
Initials of Preparer
PMC